**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HAYWOOD CLAYTON; SYLVIA
CLAYTON,
<u>Plaintiffs-Appellants,</u>

v.

No. 96-1696

RALEIGH FEDERAL SAVINGS BANK,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Paul Trevor Sharp, Magistrate Judge.
(CA-95-695-1)

Submitted: February 4, 1997

Decided: February 27, 1997

Before MURNAGHAN and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Quang Ngoc Nguyen, Hillsborough, North Carolina, for Appellants.
William C. Smith, Jr., David T. Pryzwansk, MANNING, FULTON
& SKINNER, P.A., Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Haywood and Sylvia Clayton appeal from the magistrate judge's order dismissing their amended complaint against Raleigh Federal Savings Bank for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and denying their motion to further amend their complaint.* We affirm.

The Claytons borrowed $140,000 from Raleigh Federal in 1985 to purchase their home in North Carolina. Although they defaulted in 1988, the Claytons have successfully prevented foreclosure by filing bankruptcy seven times. In September 1995, the Claytons filed a complaint against Raleigh Federal alleging a violation of 18 U.S.C. § 152(4) (1994). Immediately prior to the scheduled hearing on Raleigh Federal's motion to dismiss the complaint, the Claytons filed an amended complaint alleging additional claims under Section 10 of the Real Estate Settlement and Procedures Act (RESPA), 12 U.S.C. § 2609 (1994). Approximately one month later, the Claytons filed a motion to amend their complaint a second time, raising additional claims under 12 U.S.C. § 2605(e), (f) (1994).

We agree with the magistrate judge that neither statute cited in the amended complaint gives rise to a private cause of action. The first, 18 U.S.C. § 152(4), is a criminal statute dealing with filing a false proof of claim in bankruptcy court. The second, 12 U.S.C. § 2609, prohibits banks from requiring excessive tax and insurance escrow deposits from mortgage borrowers. In neither case do we find a congressional intent to create a private right of action. See Louisiana v. Litton Mortg. Co., 50 F.3d 1298, 1301 (5th Cir. 1995) ("the weightiest factor in determining whether a statute implies a private right of

_____

*The parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c) (1994).

action is whether Congress intended to create one") (citing
Transamerica Mortg. Advisors, Inc. v. Lewis, 444 U.S. 11, 15-16
(1979), and Touche Ross & Co. v. Redington, 442 U.S. 560, 568, 575
(1979)).

Finally, the magistrate judge did not abuse his discretion by deny-
ing the Claytons' motion to further amend their complaint, especially
given the timing of the motion. See Medigen of Kentucky, Inc. v. Pub-
lic Serv. Comm'n, 985 F.2d 164, 167-68 (4th Cir. 1993) (district
court's denial of leave to amend complaint is reviewed for abuse of
discretion); Fed. R. Civ. P. 15(a) (once a responsive pleading has
been served, a party may amend its complaint only by leave of court).

Accordingly, we affirm the magistrate judge's order. We dispense
with oral argument because the facts and legal contentions are ade-
quately presented in the materials before the court and argument
would not aid the decisional process.

AFFIRMED

3